# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CATHERINE SCILLIA,
     *Plaintiff*,

     v.

AMERICAN EDUCATION SERVICES *et al.*,
     *Defendants*.

No. 3:22-cv-1257 (JAM)

## ORDER GRANTING MOTIONS TO DISMISS

In this *pro se* lawsuit, plaintiff Catherine Scillia sues the U.S. Department of Education ("DOE") and three student loan providers: the Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES"), Navient Solutions, LLC ("NSL"), and Granite Edvance Corporation ("Granite").

Scillia attended the University of New Haven, covering her expenses with $49,857 in student loans. At various points in the years that followed, NSL, AES, and Granite all serviced those loans. She now alleges that these defendants failed to accommodate her disability during her interactions with them, causing her to miss an opportunity to have her loans forgiven at an earlier date. She also faults the DOE for failing to provide proper oversight of these companies.

I dismissed Scillia's original complaint against these same defendants, concluding that she had failed to state a claim for relief against AES and NSL, and that she had failed to serve the DOE and Granite. However, I granted her permission to file an amended complaint. Scillia has now done so, bringing claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

Three of the defendants—AES, NLS, and Granite—move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims against them in the amended complaint. For the reasons set forth below, I will grant the three motions to dismiss.

### BACKGROUND

When a litigant files an amended complaint, the allegations in the new complaint ordinarily supersede those in the previous complaint. But Scillia is proceeding *pro se* and appears to treat her amended complaint as a supplement to (rather than a substitute for) her original complaint. Accordingly, I will consider allegations from both documents for purposes of this ruling. *See Moses v. St. Vincent's Special Needs Ctr., Inc.*, 2021 WL 1123851, at *4 n.4 (D. Conn. 2021).

Scillia attended the University of New Haven from 2001 to 2004.[1] In order to cover her college expenses, she obtained $49,857 from the Federal Family Education Loan ("FFEL") program.[2] Sallie Mae, now Navient Solutions, LLC ("NSL"), initially serviced that loan.[3] In July 2005, she consolidated her FFEL loan into a so-called Direct Loan.[4]

In 2007, Congress created the Public Service Loan Forgiveness program ("PSLF"), which allowed Direct Loan borrowers in public service positions to obtain debt forgiveness after making ten years of payments.[5] Scillia began a job with the Connecticut Department of Social Services in 2008, which would have qualified her for this program.[6] The only problem was that Scillia converted her Direct Loan back into an FFEL loan in October 2005.[7] This decision prevented her from accessing PSLF and its debt forgiveness benefits.

---

[1] Doc. #1-1 at 5.
[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*
[5] *Id.* at 4-5.
[6] *Id.* at 4.
[7] *Id.* at 5.

Nevertheless, at some point after 2007, Scillia came to believe that she *was* enrolled in the PSLF program. AES serviced her FFEL loan between October 2005 and September 2019, and it informed Scillia in 2011 that her FFEL loan had been changed to a "'Rate Reduction Program' as an incentive for making on-time payments."[8] She thought this program sounded similar to the description of the PSLF program.[9] Around this time, Scillia called AES, and a representative assured her several times that she was enrolled in PSLF, even faxing a verification form to her employer.[10]

Shortly after submitting an employment certificate in January 2017, Scillia received an email from FedLoan Servicing—a student loan servicer that collects and tracks monthly payments and that serviced all PSLF loans for the DOE—that said her PSLF employee certification was rejected for "no eligible loan types."[11] At this point, Scillia felt deceived by the DOE and AES.

AES continued to service Scillia's loan through September 2019.[12] Around that time, Scillia used NSL to consolidate her loan back into a Direct Loan, which was serviced by Granite.[13] Scillia came to regret this consolidation, which she contends prevented her from counting certain payments made between 2005 and 2019 towards qualification for the PSLF program.[14] She now asserts that NSL effectively tricked her into consolidating her loan against her best interests (though she does not specify how NSL did so).[15]

---

[8] *Ibid.*
[9] *Ibid.*
[10] *Id.* at 5-6.
[11] *Id.* at 7.
[12] Doc. #55 at 4-6.
[13] *Id.* at 7-8; Doc. #1-1 at 5.
[14] Doc. #1-1 at 7-8.
[15] Doc. #55 at 7.

3

Following her loan consolidation in 2019, Scillia had several dissatisfying experiences on the phone with AES, NSL, and Granite. Scillia has a learning disability and asserts that she asked these companies for a "reasonable accommodation" in the form of "more time on the telephone" with a service representative who could provide loan counseling.[16] Each company denied her request.[17] Scillia further alleges that the servicers lack a standardized process for handling ADA accommodation requests.[18]

Scillia eventually received loan forgiveness in February 2022 via PSLF.[19] But notwithstanding this grant of relief, Scillia contends that the stress of her ordeal caused her to suffer a heart attack and also that the delay in accessing PSLF negatively impacted her credit and prevented her from accessing a valuable "first-time home buyer" program.[20]

Scillia filed her initial complaint on October 10, 2022 against the three loan servicers and the DOE.[21] Two of the loan servicers—AES and NSL—filed motions to dismiss; Granite and the DOE were never served.[22] I ultimately granted the AES and NSL motions to dismiss and dismissed Granite and DOE from the case for failure to serve.[23] However, I granted Scillia 30 days to file an amended complaint, which she did on August 25, 2023.[24] AES, NSL, and Granite now move to dismiss for failure to state a claim.[25]

---

[16] *Id.* at 5, 7, 9.
[17] *Ibid.*
[18] *Id.* at 2.
[19] *Id.* at 11.
[20] *Ibid.*
[21] Doc. #1-1 at 2.
[22] Docs. #18, 20.
[23] Doc. #50.
[24] Doc. #55
[25] Docs. #57, #64, #69.

### DISCUSSION

For purposes of a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 102-03 (2d Cir. 2018).[26] This "plausibility" requirement is "not akin to a 'probability requirement,'" but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the plaintiff is a *pro se* litigant, as Scillia is here, the Court must liberally construe the complaint and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

Scillia's complaint alleges violations of the ADA and Rehabilitation Acts. She asserts that the three loan providers failed to accommodate her learning disability during her phone conversations with customer service representatives. She claims that those representatives sought to hustle her off the phone, rather than providing her with counseling on how to access the PSLF program.[27] She further argues that the companies—particularly AES—did not have an established process for making ADA requests.[28]

---

[26] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

[27] Doc. #55 at 2, 5, 7.

[28] Scillia brings her claims against AES under Titles II (Part A) and III of the ADA as well the Rehabilitation Act. *Id.* at 2. Her claims against NSL and Granite fall under Title III of the ADA and the Rehabilitation Act. *Ibid.*

As I noted in my prior dismissal ruling, "the ADA and Rehabilitation Act 'prohibit discrimination against qualified disabled individuals by requiring that they receive reasonable accommodations that permit them to have access to and take a meaningful part in public services and public accommodations.'" *Scilla v. Am. Educ. Servs.*, 2023 WL 4826501, at *5 (D. Conn. 2023) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004)). A reasonable accommodation "gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003). "In examining [a reasonable accommodation] claim, [the Court] asks whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled." *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

Applying this standard, I dismissed Scillia's original complaint because Scillia had not alleged that the defendants had failed to provide "meaningful access" to their services. *Scillia*, 2023 WL 4826501, at *5-6. The program she wanted to access was PSLF, which is offered by the federal government, not a student loan servicer. *Id.* at *5. And the loan servicers had no obligation to help her access a program they did not offer. *Id.* at *6.

Scillia's amended complaint does not fix this shortcoming. She alleges that "all defendants in this lawsuit [denied] her the equal opportunity [to] enroll[] into the Public Service Loan Forgiveness… Program… in a timely manner" and that "[t]he plaintiff was denied a reasonable accommodation pertaining to her learning disability… that in turn denied her the opportunity to meaningfully participate in the PSLF program in a timely manner."[29] She further asserts that NSL specifically "discriminated against [her] when [she] asked for a reasonable

---

[29] *Id.* at 2.

accommodation via phone aka more time on the phone with a specialized customer representative to get more concrete info on the PSLF program…"[30] In short, her complaint remains that these loan servicers failed to help her access the PSLF program. But as I previously explained "[t]he ADA and Rehabilitation Act do not make defendants liable for their failure to provide meaningful access to another entity's program or service." *Ibid.* Because Scillia has failed to demonstrate that the defendants denied her meaningful access to their programs or services, her claims cannot go forward.

Scillia's failure to accommodate claims have a second fatal flaw: she has not plausibly alleged that she has a disability that requires accommodation. Both the ADA and Rehabilitation Act define a disability as a "physical or mental impairment that substantially limits one or more major life activities." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 159 (2d Cir. 2016) (quoting 42 U.S.C. § 12102(1)(A)). Scillia asserts that she has a learning disability, which can qualify as a disability under the ADA. *See, e.g.*, *Bartlett v. New York State Bd. of L. Examiners*, 2001 WL 930792, at *36-37 (S.D.N.Y. 2001). But simply alleging an unspecified learning disability without any explanation as to what "major life activities" it limits is not sufficient to survive a motion to dismiss. *Falso v. Ablest Staffing Servs.*, 533 F. Supp. 2d 332, 333-34, 336 (W.D.N.Y. 2008), *aff'd*, 328 F. App'x 54 (2d Cir. 2009); *see also Choleva v. New England Stair Co., Inc.*, 2020 WL 3976969, at *7 (D. Conn. 2020) (granting summary judgment because plaintiff had not demonstrated how his learning disability substantially limited a major life activity). Scillia has not described how her learning disability impacts her life, which prevents her from alleging a viable ADA or Rehabilitation Act claim.[31] In addition, the record reflects that Scillia works for

---

[30] *Id.* at 7.
[31] In her opposition briefs, Scillia asserts that she has submitted "two proofs of her disability to the court." Doc. #63 at 5; Doc. #73 at 6. I have carefully reviewed the docket in the case and have not found any documents that would fit that description.

the State of Connecticut's Department of Social Services without apparent obstacle from any learning disability.

Scillia separately accuses the defendants of failing to create an established process for handling ADA requests. But requests for reasonable accommodations do not have to be formal, *Lee v. D.C.*, 920 F. Supp. 2d 127, 136 (D.D.C. 2013), and companies do not have to use a specific and uniform formal procedure for allowing customers to request accommodations. Accordingly, this allegation fails to state a claim as well.

Ultimately, Scillia's amended complaint does not plausibly allege that Scillia has a disability for which she needed a reasonable accommodation from the defendants or that the defendants failed to provide her with meaningful access to their services. So she has not stated a claim for relief under the ADA or Rehabilitation Act.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the motions to dismiss of defendants American Education Services, Navient Solutions, LLC, and Granite Edvance Corporation (Docs. #57, #64, #69).

It is so ordered.

Dated at New Haven this 24th day of April 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge