UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CATHERINE SCILLIA,<br>    *Plaintiff*,<br><br>v.<br><br>AMERICAN EDUCATION SERVICES, *et al.*,<br>    *Defendant*. | No. 3:22-cv-01257 (KAD) |

**ORDER GRANTING [103] MOTION TO DISMISS**

Kari A. Dooley, United States District Judge

    In this lawsuit, *pro se* plaintiff Catherine Scillia sued the United States Department of Education (the Department) along with several student loan servicers for allegedly denying her access to the Public Service Loan Forgiveness (PSLF) program and failing to accommodate an alleged learning disability. Previously, the Court (Meyer, J.)[1] dismissed the claims against the three private loan servicers—American Education Services (AES), Navient Solutions, LLC (NSL), and Granite Edvance Corporation (Granite)—for failure to state a claim. *See Scillia v. Am. Educ. Servs.*, 2024 WL 1769306 (D. Conn. 2024).

    The Department has also, more recently, moved to dismiss the Amended Complaint, which Scillia has opposed. For the reasons set forth below, the motion to dismiss is GRANTED.

**BACKGROUND**

    The Court has twice outlined the background and facts of this case. *See id.* at *1; *Scillia v. Am. Educ. Servs.*, 2023 WL 4826501, at *5 (D. Conn. 2023). The Court assumes familiarity with the details of these prior rulings, but nonetheless provides the following summary.[2]

---

[1] This matter was transferred to the undersigned on January 17, 2025.
[2] As the Court has noted before, when a litigant files an amended complaint, the allegations in the new complaint ordinarily supersede those in the previous complaint. But Scillia is proceeding *pro se* and appears to treat her amended complaint as a supplement to (rather than a substitute for) her original complaint. Accordingly, the Court

1

Scillia attended the University of New Haven from 2001 to 2004. Doc. #1-1 at 5. In order to cover her college expenses, she obtained $49,857 in student loans. *Id.* At various points in the years that followed, NSL, AES, and Granite all serviced those loans. *See id.* at 5-6; Doc. #55 at 4-6. In her original complaint, Scillia alleged that those three defendants failed to "guide and direct" her, or to accommodate her disability during her interactions with them, causing her to miss an opportunity to have her loans forgiven at an earlier date. Doc. #1-1 at 5. She also faulted the Department for failing to provide proper oversight of these companies. *Id.* at 6.

The Court dismissed Scillia's complaint, concluding that she had failed to state a claim for relief against AES and NSL, and that she had failed to serve the Department and Granite. *Scillia*, 2023 WL 4826501, at *1. She was, however, granted permission to file an amended complaint and an extension of time to serve the Department and Granite. *Id.* at *9. Scillia did so and brought claims pursuant to the Americans with Disability Act (ADA), 42 U.S.C. §§ 12132 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. Doc. #55 at 9-11.

In dismissing the claims against AES, NSL, and Granite, the Court held that the Amended Complaint did not plausibly allege that Scillia has a disability for which she needed a reasonable accommodation from these defendants, or that these defendants failed to provide her with meaningful access to their services. Accordingly, the claims against these three defendants were dismissed. *Scillia*, 2024 WL 1769306, at *4.

Now, having been properly served, the Department also moves to dismiss the Amended Complaint. Doc. #103. As to the Department, the Amended Complaint reiterates Scillia's central claim that she was misled regarding her eligibility for the PSLF program and denied meaningful access to that program due to her Attention Deficit Disorder learning disability. Specifically, she

---

considers allegations from both documents for purposes of this ruling. *See Moses v. St. Vincent's Special Needs Ctr., Inc.*, 2021 WL 1123851, at *4 n.4 (D. Conn. 2021).

alleges that the Department failed to implement a consistent, standardized process under the ADA and Rehabilitation Act for handling accommodation requests. Doc. #55 at 2. Scillia also alleges that she was "denied repeatedly" for student loan forgiveness despite otherwise qualifying for the PSLF program. *Id.* at 4.

Scillia's allegations against the Department are, for the most part, limited to these general claims, and she does not otherwise identify specific conduct by Department personnel that violated her rights.

## STANDARD OF REVIEW

The standards that govern a motion to dismiss under Rules 12(b)(1) and 12(b)(6) are well established. Under Rule 12(b)(1), a complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain federal subject matter jurisdiction. *See Lapaglia v. Transamerica Cas. Ins.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016).

Similarly, it is well established that to survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Charles v. Orange Cnty.*, 925 F.3d 73, 81 (2d Cir. 2019) (same). In addition, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

Finally, courts must construe a *pro se* complaint with "special solicitude," such that it is interpreted to raise the "strongest claims that [the complaint] suggests"—although this does not excuse *pro se* complaints from stating a plausible claim for relief. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).[3]

## DISCUSSION

The Amended Complaint, construed broadly and in Scillia's favor, alleges that the Department violated the ADA and the Rehabilitation Act because the Department did not have a standardized process for consideration of Scillia's disability-accommodation requests. Doc. #55 at 3-4. Scillia also alleges that she should have been "forgiven of student debt in 2017 but was denied repeatedly." *Id.* The Court considers her claims in turn.

### *ADA claim*

Scillia cannot maintain a claim under the ADA against the Department because the ADA does not apply to federal agencies. *See* 42 U.S.C. § 12111(5)(B)(i) (expressly excluding the United States from the definition of "covered" employers); *Steinberg v. Vidal*, 2022 WL 16744932, at *1 (E.D.N.Y. 2022) ("[T]he ADA does not apply to federal government agencies."); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) (explaining that a federal government employee's "sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere").

Consequently, Scillia's ADA-based claim against the Department is dismissed with prejudice.

---

[3] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

*Rehabilitation Act claim*

Unlike the ADA, however, the Rehabilitation Act does indeed apply to federal agencies so long as they receive federal financial assistance. *See* 29 U.S.C. § 794. Like the ADA, the Rehabilitation Act prohibits "discrimination against qualified disabled individuals by requiring that they receive reasonable accommodations that permit them to have access to and take a meaningful part in public services and public accommodations." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004). A reasonable accommodation "gives the otherwise qualified plaintiff with disabilities meaningful access to the program or services sought." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003). "In examining [a reasonable accommodation] claim, [the Court] asks whether a plaintiff with disabilities as a practical matter was denied meaningful access to services, programs or activities to which he or she was legally entitled." *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). To state a claim under the Rehabilitation Act, a plaintiff must allege that (1) she has a disability; (2) she is otherwise qualified for the benefit; (3) she was excluded from the benefit solely due to her disability; and (4) the defendant receives federal funding. *See Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 540 (S.D.N.Y. 2014).

Here, as with her claims against the loan servicers, Scillia fails to plausibly allege that the Department denied her meaningful access to Departmental benefits because of a disability. The fatal flaw in the Amended Complaint is that it does not plausibly alleged that Scillia has a disability that requires an accommodation. Of course, Scillia asserts that she has a learning disability, which can qualify as a disability under the ADA. *See, e.g.*, *Bartlett v. New York State Bd. of L. Examiners*, 2001 WL 930792, at *36-37 (S.D.N.Y. 2001) (Sotomayor, C.J.). But simply alleging that she has Attention Deficit Disorder without any explanation as to what "major life

5

activities" it limits is not sufficient to survive a motion to dismiss. *Falso v. Ablest Staffing Servs.*, 533 F. Supp. 2d 332, 333-34, 336 (W.D.N.Y. 2008), *aff'd*, 328 F. App'x 54 (2d Cir. 2009); *see also Choleva v. New England Stair Co.*, 2020 WL 3976969, at *7 (D. Conn. 2020) (granting summary judgment because plaintiff had not demonstrated how his learning disability substantially limited a major life activity). Moreover, Scillia does not identify any request for accommodation that was made to the Department that was denied because of her disability or for any other reason. Nor does she allege any conduct on the part of the Department—as distinct from its contractors'—that excluded her from any benefit.

With respect to the alleged denial of debt forgiveness, even if construed as sufficiently alleged under the Rehabilitation Act, the Amended Complaint itself belies the claim. Scillia concedes that she received loan forgiveness in February 2022 via the PSLF. *See* Doc. #55 at 11. Moreover, Scillia has acknowledged in her filings that she is a class member in the *Sweet et al. v. Cardona* settlement, through which she has requested additional relief concerning other loans. *See* Doc. #100 at 8 (Parties' Rule 26f Report, stating that Scillia is a class member in the *Sweet* action); *see also Sweet et al. v. Cardona*, No. 19cv3674 (N.D. Cal.). She has also acknowledged that, under the terms of the *Sweet* Settlement Agreement, the Department will issue a decision regarding her application for additional forgiveness by July 28, 2025. Doc. #100 at 8. These judicial admissions preclude any allegation that Scillia was denied loan forgiveness at all, let alone on account of her (inadequately alleged) disability. Accordingly, the Rehabilitation Act claim against the Department is dismissed.

### Other claims

In her opposition to the motion to dismiss, Plaintiff only asserts that she has adequately alleged claims under the ADA and RA. But because the Plaintiff is proceeding *pro se* and in light

6

of allegations in the Amended Complaint that might be construed to assert claims in the alternative, the Court addresses these additional allegations. And to the extent Scillia asserts additional claims alleging violations of the Higher Education Act or claims sounding in tort, those claims fail.

The Department acknowledges that Scillia's claims against it relate to its role in administering the PSLF under the Higher Education Act (HEA). Doc. #103 at 6-7. But even though the Department may have had obligations and responsibilities under the HEA, the HEA does not provide a private right of action to enforce those obligations. *See Sanon v. Dep't of Higher Educ.*, 453 F. App'x 28, 29 (2d Cir. 2011); *McCullough v. Maximus Educ., LLC*, 2025 WL 758149, at *1-2 (W.D.N.Y. 2025). Instead, enforcement authority under the HEA lies exclusively with the Secretary of Education. *See Pottetti v. Educ. Credit Mgmt. Corp.*, 2020 WL 5645194, at *4 (E.D.N.Y. 2020).

And to the extent that Scillia's cursory allegations of pain and suffering are meant to constitute tort claims, *see* Doc. #55 at 11, such claims fail because Scillia has failed to comply with the Federal Tort Claims Act (FTCA). The FTCA is the exclusive remedy for suits for damages against the United States sounding in tort. *Baptichon v. United States Dep't of Educ.*, 2020 WL 6565126, at *2 (E.D.N.Y. 2020). The FTCA has an administrative exhaustion requirement mandating that before a suit may be brought, a claimant must file a timely administrative claim with the appropriate agency, here, the Department. *See* 28 U.S.C. § 2675(a). Plaintiff "has the burden to both plead and prove compliance with the statutory requirements of the FTCA, and in the absence of such compliance, the Court lacks subject matter jurisdiction over Plaintiff's claim." *Baptichon,* 2020 WL 6565126 at *2; *see also Shabtai v. U.S. Dep't of Educ.*, 2003 WL 21983025, at *6 (S.D.N.Y. 2003) ("The complaint does not allege that plaintiff

filed an administrative claim with respect to the alleged torts committed by the [Department of Education], and this failure alone requires dismissal of these claims." (citation omitted)). Plaintiff has not alleged that she filed an administrative tort claim, and the Department confirms that it has no record of such a filing. Doc. #103 at 7. This defect mandates dismissal of any tort-based claim.

## CONCLUSION

For the reasons set forth above, the [103] Motion to Dismiss is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendants, *see* Doc. #84, and close this case.

It is so ordered.

Dated at Bridgeport this 25th day of April 2025.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge